Filed May 2, 1891.

---

No. 18.

## ORTWEIN v. JEFFRIES.

APPELLATE COURT.—*Practice.—New Trial.—Assignment of Error.*—In this case the questions sought to be raised upon the ruling of the trial court in admitting certain evidence, and in refusing to strike out other evidence, are not presented by the assignment of error in overruling a motion for a new trial.

From the Hamilton Circuit Court.

*G. Shirts* and *A. F. Shirts*, for appellant.

*J. A. Roberts, R. R. Stephenson* and *W. R. Fertig*, for appellee.

ROBINSON, J.—The appellant, who was the plaintiff below, sued the appellee on an account. Appellee answered by general denial and set-off. There was a trial by jury, verdict for the appellee, and judgment on the verdict over a motion for a new trial.

Under the assignment of error that the court erred in overruling the motion for a new trial, the appellant first directs our attention to the first cause in the motion for a new trial, that the verdict is not sustained by sufficient evidence. The argument under this cause is limited to the following proposition : In appellant's bill of particulars appears a charge of $224, for fifty-six acres of clover pasture, at four dollars per acre. The amount of the set-off pleaded was thirteen dollars. That if any one of the items in the bill of particulars

was proven, and it amounts to more than the set-off, the appellant was entitled to judgment for that amount, provided there was a total failure of evidence to impeach the claim of the appellant as to that item ; that as to twenty acres of the clover pasture, at four dollars per acre, appellant had proven himself to be entitled, and there was no conflict in the testimony as to this fact, and, conceding appellee had proven his set-off, appellant was entitled to judgment after allowing full amount of appellee's set-off, for sixty-seven dollars.

We have carefully examined all the evidence in the case, and find there is much conflict, and under the view claimed by the appellee there was evidence under which appellee assumed that appellant had no claim against him, and no doubt it was under this claim of the appellee that the jury found for him. There was evidence that tended to sustain the verdict of the jury.

The appellant also claims that the court erred in the admission of proof of custom in relation to the rent of lands and shares in crops between landlord and tenant. The court did permit both parties to introduce evidence relating to the custom prevailing in the neighborhood as to shares in certain crops between landlord and tenant, but appellant made no objection to the introduction of such evidence, and has not saved any question in the record upon the question of the admissibility of this evidence for this court to pass upon.

The appellant's next contention is that the court erred in permitting certain witnesses to testify as to the character of the appellant.

In the testimony of these witnesses on direct examination, among the questions answered by them, were the following :

"Ques. How long have you known Mr. Ortwein ? Ans. I have known him six or seven years.

"Ques. Are you acquainted with his reputation for truth and veracity in the neighborhood in which he lives ? Ans. Yes, sir.

Ortwein *v.* Jeffries.

"Ques. State whether that reputation is good or bad? Ans. I am constrained to say it is rather bad."

Upon cross-examination the witness answered as follows:

"Ques. Do you know where he lives now? Ans. Yes, sir.

"Ques. Where? Ans. In Boone county.

"Ques. How far from where you live? Ans. About five or six miles.

"Ques. How long has he lived there? Ans. A couple of years I guess.

"Ques. Has he been living there two years? Ans. Yes, sir.

"Ques. When you speak about Mr. Ortwein's reputation being bad, do you mean when he was on the home farm, or do you mean now? Ans. I mean in the neighborhood where his farm is.

"Ques. You mean in the neighborhood where he lived when you knew him? Ans. Yes, sir.

"Ques. You don't know anything about it now? Ans. Not his reputation in that neighborhood.

"Ques. You don't know anything about it since he has left that neighborhood? Ans. No, sir."

All of the witnesses examined on this point testified to substantially the same facts. The appellant moved the court to order stricken from the record said testimony, for the reason that it was irrelevant, incompetent and immaterial, and was too remote, which motion the court overruled.

We can not consider this question in the form in which it is presented to us in the record. The motion for a new trial does not present any error in this court by which we can review the ruling of the trial court in refusing to strike this evidence from the record.

There is no error in the record for which the case should be reversed, but the same should be affirmed, and is affirmed, at the costs of the appellant.

Filed May 2, 1891.